IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Carmichael T. Flowers, | ) | Case No.  8:15-cv-00706-TMC-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| State of South Carolina, South Carolina | ) | |
| Department of Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a motion to remand filed by Plaintiff.  [Doc. 12.]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d),

D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under

42 U.S.C. § 1983, and to submit findings and recommendations to the District Court.

On or about April 30, 2014,[1] Plaintiff, proceeding pro se, filed this action against

Defendants in the Court of Common Pleas for Marlboro County, South Carolina.  [Doc. 1-1

at 1–14.]  Plaintiff amended his Complaint on February 6, 2015.  [Doc. 1-1 at  24–34.]  On

February 19, 2015, Defendants removed the action to this Court, alleging that Plaintiff was

seeking relief for alleged "violations of the laws of this State and the Fifth and Fourteenth

Amendments" pursuant to "both federal and state constitution(s)" along with federal and

state statutes and authorities.  [Doc. 1.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on April 30, 2014.  [Doc. 1-1 at 1 (Complaint signed on April 30, 2014).]  The Court is aware that Plaintiff's Complaint is stamped as filed by the state court on August 7, 2014 [*id.*]; however, out of an abundance of caution, the Court will construe the filing date in the light most favorable to the pro se Plaintiff.

On June 6, 2014, Plaintiff filed a motion objecting to the removal of his complaint to federal court and seeking to remand the matter back to state court. [Doc. 12.] Plaintiff contends he is seeking relief under the South Carolina Tort Claims Act, "State Statutorial [sp] Laws Authorities," and the Constitution. [*Id.* ¶ 2.] Plaintiff also contends that a "federal question" arising from a state case must be first presented to the state court for decision. [*Id.* ¶ 6.] Defendants contend, however, that Plaintiff's claims in this case are derived from federal law and this case is properly removed to federal court. [Doc. 13 at 2.]

## BACKGROUND

Plaintiff styles his complaint as a "Tort Claim Complaint" pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120, alleging procedural due process violations, substantive due process violations, and deprivation of property without due process of law. [Doc. 1-1 at 24.] Plaintiff alleges that on January 8, 2014, he was called into Warden Eagleton's office, shown numerous complaints he had filed regarding cold food being served, a lack of recreation, and a dysfunctional medical department, and told by Warden Eagleton that "I'm sick of you," and "I'm going to find you a new home." [*Id.* at 26 ¶ 9.] Plaintiff alleges that on January 16, 2014, he was awakened, asked to get dressed and told to report to operations. [*Id.* at 27 ¶ 10.] After eating breakfast, Plaintiff claims he was told he was being transferred to Ridgeland Correctional Institute ("Ridgeland") and provided his personal hygiene items, but he was told by Lt. Martin that he was not getting his personal property. [*Id.* at 27 ¶¶ 11–12.] Upon his arrival at Ridgeland, Plaintiff discovered he was missing a number of personal items which he outlined in Exhibit 2 to his complaint. [*Id.* at 28 ¶ 14.]

Plaintiff is suing for civil conspiracy, breach of duty of care, misappropriation of assets property, misconduct, illegal taking of personal property, failure to adhere to established policies and guidelines, and failure to perform ministerial duties. [*Id.* at 28 ¶ 15.] In a first cause of action (Denial of Due Process), Plaintiff alleges violation of state laws, as well as the Fifth and Fourteenth Amendments. [*Id.* at 28–29 ¶ 16.] In a second cause of action (Violation of Substantive Due Process), Plaintiff alleges violations of "both state and federal constitutions." [*Id.* at 29 ¶ 18.] In a third cause of action (Unconstitutional Seizure of Personal Property), Plaintiff alleges violations of "state and federal constitutional rights and other rules, regulations and laws." [*Id.* at 30 ¶ 20.] Plaintiff seeks a total of $75,235 in actual damages. [*Id.* at 32.]

## APPLICABLE LAW

### Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

3

Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law.  Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

**Motion to Remand Standard**

A defendant may remove to federal district court any civil action brought in a state court of which the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441(a).  Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  The district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law";

4

if it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; if "the district court has dismissed all claims over which it has original jurisdiction"; or "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

## DISCUSSION

The Court finds that removal was proper. As an initial matter, Defendants timely removed this matter to federal court. According to the record before the Court, Plaintiff served the Amended Complaint on Defendants on January 30, 2015. [ Doc. 1-1 at 34.] Defendants filed a notice of removal on February 19, 2015. [Doc. 1.] Thus, timeliness is not an issue. *See* 28 U.S.C. § 1446 ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

With respect to the nature of Plaintiff's claims, the law is clear that federal district courts have original jurisdiction over two types of cases, generally referred to as federal question cases and diversity cases.[2] Federal question cases are "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff raises claims of due process and substantive due process violations, as well as the unconstitutional seizure of property in violation of state and federal law, specifically alleging violations of the Fifth and Fourteenth Amendments. [*See, e.g.*, Doc. 1-1 at 28–29 ¶ 16.] Plaintiff's claims relating to violations of the Fifth and Fourteenth Amendments and the

---

[2]Neither party alleges diversity jurisdiction in this case. Accordingly, the Court will not address diversity jurisdiction.

5

federal Constitution clearly present federal questions and are within the Court's original jurisdiction.[3]

Where a federal district court has original jurisdiction over a properly-brought federal claim, the court also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  State and federal claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  Here, Plaintiff contends that his various rights were violated when he was moved without notice and his personal property was retained by the prison.  [Doc. 1-1 at 17–30 ¶¶ 10–20; *see Gibbs*, 383 U.S. at 725 (holding that claims arise from a common nucleus of operative fact if a plaintiff would ordinarily be expected to try them all in one judicial proceeding).]  Thus, this court has subject matter jurisdiction over Plaintiff's federal claims by virtue of 28 U.S.C. § 1331, and has supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a).  Consequently, the Court recommends Plaintiff's motion to remand be denied.

---

[3]The Court is aware that in Plaintiff's motion to remand and letter filed May 11, 2015, Plaintiff states that he is bringing this action pursuant to state law.  [Docs. 12, 20.]  The Court recognizes that "a plaintiff is the master of his claim and may avoid federal jurisdiction by relying exclusively on state law," *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987)); however, in his Amended Complaint, Plaintiff alleges violations of the federal Constitution [Doc. 1-1 at 29 ¶ 18].  Accordingly, remand is not appropriate. In the event that Plaintiff truly intended to bring this action under state law only, he may move to file a second Amended Complaint omitting the federal causes of action, and to remand based on that pleading.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to remand be DENIED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

May 13, 2015
Greenville, South Carolina