IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Carmichael T. Flowers, ) | |
| ) | Case No. 8:15-cv-00706-TMC-JDA |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| State of South Carolina, South Carolina ) | |
| Department of Corrections, Bryan P. ) | |
| Sterling, Willie L. Eagleton, Corr. Officer ) | |
| Sgt. C. Hooper, Corr. Officer S. ) | |
| Washington, Corr. Officer Lt. Martin, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion for leave to file a second amended complaint. [Doc. 28.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff, proceeding pro se, filed this action in the Marlboro County Court of Common Pleas. [Doc. 1-1 at 1–13.] Subsequently, Defendants filed a motion for a more definite statement [*id.* at 15–17], and Plaintiff filed an objection to the motion for a more definite statement [*id.* at 18–20]. A hearing was held on December 17, 2014 [*see id.* at 21], and the state court filed an order on January 9, 2015, granting Defendants' motion for a more definite statement and ordering Plaintiff to file an amended complaint [*id.* at 21–22]. Plaintiff filed an amended complaint dated January 30, 2015. [*Id.* at 24–34.] Based on the

amended complaint, Defendants removed the action to this Court on February 19, 2015. [Doc. 1].

Since the case was removed, Plaintiff has filed several documents that indicate he may not have intended to bring any federal claims in this lawsuit. [*See, e.g.,* Doc. 11 (Plaintiff's objections to Defendants' notice of removal, stating Plaintiff brought this action pursuant to the South Carolina Tort Claims Act ("SCTCA"), state statutory laws, authorities, and constitution).] On March 3, 2015, Plaintiff filed a motion to remand to state court [Doc. 12], and Defendants filed a response in opposition on March 17, 2015 [Doc. 13]. On June 8, 2015, this Court denied Plaintiff's motion to remand. [Doc. 36; *see also* Doc. 22.]

On June 1, 2015, Defendants filed a motion for summary judgment [Doc. 25], and Plaintiff filed a motion for leave to file a second amended complaint and a proposed second amended complaint and requested remand based on the second amended complaint [Doc. 28]. Defendants filed a response in opposition to Plaintiff's motion to file a second amended complaint on June 3, 2015. [Doc. 29.] In their response in opposition, Defendants state that they do not object to the dismissal of Plaintiff's federal causes of action; however, they oppose Plaintiff's request to remand the remaining state claims to the state court. [*Id.* at 1.] Plaintiff filed a reply on June 29, 2015, reaffirming that he was requesting remand to the state court. [Doc. 39.] Plaintiff also filed a response in opposition to Defendants' motion for summary judgment, restating his request to remand this action to the state court. [Doc. 43.]

**DISCUSSION**

**Plaintiff's Request to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend shall be freely granted when justice so requires. Moreover, in this case, Defendants do not oppose Plaintiff's request to file a second amended complaint. [Doc. 29 at 1.] Accordingly, the Court recommends granting Plaintiff's motion for leave to file a second amended complaint.

**Plaintiff's Request to Remand Based on the Second Amended Complaint**

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, whether federal question jurisdiction exists "is

determined by the well-pleaded complaint rule." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)). "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003)). The plaintiff is the master of his claim and may avoid federal jurisdiction by exclusive reliance on state law. *Id.* (citations omitted).

To determine whether subject matter jurisdiction exists under § 1331, the Court must first determine whether federal or state law creates the cause of action. *Mulcahey*, 29 F.3d at 151. Here, Plaintiff has repeatedly stated he brings his claims pursuant to state law, specifically the SCTCA. [*See* Doc. 11 at 1 (objections to Defendants' notice of removal, asserting the action was instituted pursuant to S.C. Code Ann. § 15-78-100(b) and seeks relief under the SCTCA, state statutorial laws, authorities, and constitution); Doc. 20 (letter from Plaintiff, stating that there is no federal question presented and requesting that this case be remanded to state court); Doc. 43 (Plaintiff's response in opposition to the motion for summary judgment, reiterating that he is bringing a federal question).]

As master of his claim, Plaintiff may choose to rely exclusively on state law as the basis for his claims. Here, Plaintiff has repeatedly indicated his desire to frame his claims under South Carolina state law. Additionally, the undersigned has recommended that Plaintiff be allowed to file his proposed Second Amended Complaint, which does not contain federal causes of action. As such, no federal question jurisdiction supports the

assertion of removal jurisdiction under 28 U.S.C. § 1441.  Thus, the Court recommends remand of this action to the state court.[1]

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion to amend be GRANTED, that the Clerk of Court be directed to file Plaintiff's Second Amended Complaint, and that the case be REMANDED to the South Carolina Court of Common Pleas for the Fourth Judicial Circuit in Marlboro County.  If the District Court adopts this Report and Recommendation, it is further Recommended that Defendants' motion for summary judgment [25] and Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment [Doc. 40] be deemed MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 21, 2015
Greenville, South Carolina

---

[1] The Court is aware Defendants contend that a plaintiff may not divest a federal court of jurisdiction by simply eliminating his federal causes of action. [Doc. 29.] However, in this case, Plaintiff has consistently stated that he did not intend to bring federal causes of action.  [*See* Docs. 11, 12, 20, 28.]  Moreover, whether to remand in a removed case when federal claims have been eliminated is a matter generally left to the discretion of the district court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 351, 357 (1988); *see also Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (holding that the district court did not abuse its discretion in granting the plaintiff's motions to amend her complaint and by remanding the case to state court when a plaintiff had good faith reasons to amend her complaint beyond simply defeating federal jurisdiction and where her counsel represented to the court that he never intended to allege a federal claim).