IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Carmichael T. Flowers, | ) | |
| | ) | C/A No. 8:15-706-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina; | ) | |
| South Carolina Department of | ) | |
| Corrections; Byran P. Sterling; | ) | |
| Willie L. Eagleton; Sgt. C. Hooper; | ) | |
| Corr. Ofc. Washington; and Corr. | ) | |
| Ofc. Lt. Martin, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Carmichael T. Flowers (Flowers"), a state prisoner proceeding pro se, filed this action in state court alleging claims for "violations of the laws of this State and the Fifth and Fourteenth Amendments" pursuant to "both federal and state constitution(s)." (ECF No. 1-1 at 29, 30). The Defendants State of South Carolina, South Carolina Department of Corrections, Byran P. Sterling, Willie L. Eagleton, Sergeant C. Hooper, Correctional Officer Washington, and Correctional Officer Lt. Martin (herein referred to collectively as "Defendants") timely removed this action to this court. (ECF No. 1).

Flowers filed a Motion to Amend the Complaint and to Remand (ECF No. 28). Defendants filed a Response Opposing the Motion to Amend and to Remand (ECF No. 29), and Flowers filed a Reply (ECF No. 39). Defendants also filed a Motion for Summary Judgement (ECF No. 25), and Flowers filed a Response Opposing Defendants' Motion for Summary Judgment (ECF No. 43).[1]

---

[1] Plaintiff also filed a motion for an extension of time within which to respond to Defendants' Summary Judgement Motion. (ECF No. 40). Subsequently, Plaintiff filed his

Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Flowers' Motion to Amend be granted, this action be remanded to state court, and Defendants' Summary Judgement Motion be deemed moot. (ECF No. 45). Defendants timely filed objections to the Report. (ECF No. 48).[2]

## I. Facts/Background

As noted above, Flowers initially filed this action in state court on April 30, 2014. Defendants filed a motion for a more definite statement, which the state court granted, and Flowers was ordered to file an amended complaint (ECF No. 1-1 at 21-22). Specifically, Flowers was ordered to "indicate precisely whether he is seeking relief pursuant to the South Carolina Torts Claims Act ("SCTCA"), 42 U.S.C. §1983, South Carolina common law, federal common law, and/or some combination thereof." (ECF No. 1-1 at 22). Thereafter, on February 6, 2015, Flowers filed an Amended Complaint in which he alleged that Defendants violated his Fifth and Fourteenth Amendment rights, his "substantive due process rights of both federal and state constitutions," and state and federal constitutional rights. (ECF No. 1-1 at 29, 30). Based upon the allegations in the Amended Complaint, Defendants removed the action to this court. Flowers filed a Motion to Remand alleging in part that "a 'federal questions' arising from a state case must first be presented to the state court for decision . . . " (ECF No. 12). The magistrate judge recommended that the motion to remand be denied and noted that, in filings with the court,

---

response. (ECF No. 43). As the court is remanding this action and denying Defendants' summary judgment motion as moot, Plaintiff's motion for an extension is also moot.

[2]The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Flowers had stated that he wanted to bring his action pursuant to state law. (ECF No. 22 at 6 n.3). The magistrate judge further stated that "[i]n the event that [Flowers] truly intended to bring this action under state law only, he may move to file a second Amended Complaint omitting the federal causes of action, and to remand based on that pleading." *Id*. Neither party filed any objections to the Report and it was adopted by the court on June 8, 2015. (ECF No. 36).

On June 1, 2015, Flowers filed a Motion to Amend the Complaint and to Remand. (ECF No. 28). Defendants filed a response stating they did not oppose Flower's Motion to Amend, but they opposed any remand (ECF No. 29), and Flowers filed a Reply (ECF No. 39). Defendants also filed a Motion for Summary Judgment on June 1, 2015. (ECF No. 25).

## II. Discussion

In her Report, the magistrate judge recommends that the court grant Flowers' Motion to Amend his Complaint and to Remand, and deny Defendants' Motion for Summary Judgment as moot. Defendants have timely filed objections and ask the court to deny Flowers' Motion to Remand.

The court can certainly understand Defendants' frustration over Flowers' claims. The state court had previously ordered Flowers to file an Amended Complaint and indicate whether he intended to bring his claims under federal law, and in response, Flowers filed an Amended Complaint which clearly set forth federal claims. Further, in his first motion to remand, Flowers stated that the state court was to decide federal claims first - not that he did not intend to bring any federal claims. Then, in a letter to the court, Flowers for the first time unequivocally stated that he did not want to raise any federal claims. (ECF No. 20). In response, based on the claims set forth in the operative complaint, the magistrate judge recommended that Flowers' first motion to remand be denied, but noted that Flowers could file a motion to amend deleting the federal claims and a motion to remand based on that complaint, (ECF No. 22 at 6 n.3), which is

3

exactly what Flowers did.

Defendants acknowledge that the court has discretion to either remand or retain a case when it "has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3)(stating that district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction). Defendants contend that they have spent considerable time litigating this matter in federal court, and note that discovery has been completed and dispositive motions filed, and that a remand to state court would basically restart this case causing Defendants to incur significant additional costs.

The Fourth Circuit Court of Appeals has held that "although [it has] consistently acknowledged that district courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished, at the same time, [it has] taken heed of the Supreme Court's teaching (even before the enactment of § 1367 in 1990) that a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Arrington v. City of Raleigh*, 369 Fed. Appx. 420, 423-24 (March 5, 2010)(internal citations and quotation marks omitted).

"With all its federal questions gone, there may be the authority to keep [this case] in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so." *Waybright v. Frederick County, MD*, 528 F.3d 199, 209 (4th Cir. 2008)(alteration added). In its discretion, the court declines to exercise jurisdiction over the remaining claims in this case. It will not inconvenience the parties to litigate the remaining state claims in state court. There is also no reason for this court to retain jurisdiction over state law claims which the state court is more suited to hear.

### III. Conclusion

Based on the foregoing, the court adopts the Report (ECF No. 45)  Accordingly, the court **GRANTS** Plaintiff's Motion to Amend (ECF No. 28), and **DENIES** Defendants' Summary Judgment (ECF No. 25) and Plaintiff's Motion for an Extension (ECF No. 40) as moot.  Further, this action is **REMANDED** to the Marlboro County Court of Common Pleas.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 9, 2015

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.